UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRANSON GOLF RESORT, L.L.C. and THOUSAND HILLS MANAGEMENT COMPANY, INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. _____ |
| BRANSON VACATION CABINS, L.L.C., MARK MAUZEY, and SARAH MAUZEY | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## COMPLAINT

COME NOW Plaintiffs Branson Golf Resort, L.L.C. and Thousand Hills Management Company, Inc., for their causes of action against Defendants Branson Vacation Cabins, L.L.C., Mark Mauzey, and Sarah Mauzey (collectively, "Defendants"), state as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)), trademark infringement and unfair competition under Missouri common law, and unfair competition and trademark dilution under Missouri law (Mo. Rev. Stat. § 417.061).

## PARTIES

2. Plaintiff Branson Golf Resort, L.L.C. ("Branson Golf") is a limited liability company duly organized and existing under the laws of the State of Missouri, with its principal place of business located at 245 South Wildwood Dr., Branson, Missouri 65616. Plaintiff

Thousand Hills Management Company, Inc. ("THMC") is a Missouri corporation, with its principal place of business located at 245 South Wildwood Dr., Branson, Missouri 65616.

3. Upon information and belief, Defendant Branson Vacation Cabins, L.L.C. ("BVC") is a limited liability company duly organized and existing under the laws of the State of Missouri, with its principal place of business located at 300 S. Cordova Ct., Springfield, Missouri 65802.

4. Upon information and belief, Defendant Mark Mauzey is the registered agent for Branson Vacation Cabins, L.L.C., and Mark Mauzey and Sarah Mauzey ("the Mauzeys") are the owners, officers, and/or directors of Branson Vacation Cabins, L.L.C.

5. Upon information and belief, the Mauzeys are Missouri residents and reside at 300 S. Cordova Ct., Springfield, Missouri 65802.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under Missouri statutory and/or common law pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Defendants because BVC does business in the State of Missouri out of which this cause of action arises, and the Mauzeys are residents of the state of Missouri.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because Defendants are residents of this District and are subject to personal jurisdiction, and because a substantial part of the events giving rise to the claims in this action occurred within this District.

# FACTS

## Plaintiffs Branson Golf Resort L.L.C. and Thousand Hills Management Company

9. Development started on the Thousand Hills commercial subdivision located in Branson, Missouri in approximately 1990.

10. Daniel Ruda, one of the current owners of Branson Golf and the president of THMC, was involved in the development of the Thousand Hills commercial subdivision in 1990.

11. The Thousand Hills development was designed around having a golf course as the center piece. Development and construction of the golf course commenced in approximately 1992 and was completed in 1995 through a Daniel Ruda affiliated entity.

12. Today, the area consists of a high-end golf resort with a conference center, condominiums, townhomes, and commercial property. These condominiums and townhomes can be rented or purchased by the public.

13. The golf resort, conference center, condominiums, townhomes, and a portion of the commercial property were developed by Daniel and Mark Ruda.

14. Some of the rental properties located at Thousand Hills include complexes such as Champions at Thousand Hills, Legacy at Thousand Hills, and Fairways at Thousand Hills.

15. After developing the property and building the business, the Rudas—through Branson Golf—filed for trademark protection on the Thousand Hills term. Branson Golf filed for and received U.S. Registration No. 2,939,973—which is now, by statute, incontestable—for the service mark THOUSAND HILLS for golf resort facilities, rental of apartments, leasing of real estate, real estate brokerage, real estate listing, and real estate management, real estate development, and temporary lodging rental services. Branson Golf's service mark registration is attached as Exhibit A.

16. Branson Golf and its affiliated companies such as THMC, Thousand Hills Golf Resort, Thousand Hills Realty, LLC, and Thousand Hills Golf Partnership, LLP, manage many of the developed residential properties at Thousand Hills.

17. As a management company, THMC manages the renting and leasing of about three hundred nightly rental units at various complexes located in and around Thousand Hills. As a property management company, Thousand Hills Realty, LLC manages the leasing of an additional three hundred units at various complexes and locations in Thousand Hills and throughout the Branson area.

18. In order to maintain Plaintiffs' goodwill and reputation with their customers, Plaintiffs require that the three hundred nightly rental units that Plaintiffs manage are maintained at a certain level of cleanliness and quality. This includes requiring units to be inspected and updated regularly.

19. The complexes located at Thousand Hills include certain amenities such as swimming pools, golf courses, tennis courts, exercise areas, and play areas, to name a few.

20. Along with being a management company, Branson Golf and/or its affiliated companies also own many of the amenities located at the rental properties at Thousand Hills.

21. Because Branson Golf affiliates own these amenities, access to and use of the amenities is restricted to individuals that rent a unit through THMC.

22. Branson Golf also leases access to the amenities to certain associations that run the complexes so that condominium owners have access to the amenities.

23. Individuals that rent or lease units from other management companies, however, are not permitted to access or use the amenities.

4

24. For example, the Legacy at Thousand Hills has an indoor pool which may be used by individuals that rent a Legacy unit from THMC, but cannot be used by individuals that rent a Legacy or other unit from a different management company.

25. In an effort to build its good will in the Thousand Hills name, Plaintiffs have undertaken an extensive advertising campaign that exceeds $300,000 annually. This campaign includes television, radio, billboards, and online marketing.

**Defendants Branson Vacation Cabins, L.L.C., Mark Mauzey, and Sarah Mauzey**

26. Upon information and belief, BVC, which is owned and managed by Mark and Sarah Mauzey, is a competing management company that rents property located at developments such as Champions at Thousand Hills, Legacy at Thousand Hills, Fairways at Thousand Hills, Cabins at Grand Mountain, and Majestic at Table Rock.

27. Upon information and belief, BVC manages roughly twelve units at or near Thousand Hills, including units located within certain complexes mentioned in Paragraph 26 above.

28. In promoting its services, BVC, through the direction and control of the Mauzeys, is using, without authorization, the THOUSAND HILLS mark in a manner that is causing actual confusion among the public.

29. BVC's website (http://www.bransonvacationcabins.com) includes a page with the following Uniform Resource Locator ("URL"), conspicuously including Plaintiff Branson Golf's THOUSAND HILLS trademark: http://www.bransonvacationcabins.com/thousand-hills-golf-resort/.

30. BVC's webpage http://www.bransonvacationcabins.com/thousand-hills-golf-resort/ purposefully includes the THOUSAND HILLS mark within the URL and header

5

information. And the webpage text includes repeated instances of trademark infringement and attempts by BVC to improperly imply affiliation with Plaintiffs or to suggest that BVC can offer services that only Plaintiffs can offer.

31. Upon information and belief, BVC's website http://www.bransonvacationcabins.com is registered to Sarah Mauzey.

32. BVC's website includes a heading stating, "Rentals by the Thousand Hills Golf Course," as well as headings stating, "The Condos Located by the Thousand Hills Golf Resort in Branson" and "Thousand Hills Facilities at A Glance." Excerpts of BVC's website are attached as Exhibit B.

33. On just one page of BVC's website, BVC uses the THOUSAND HILLS mark fifteen times. *See* Exhibit B.

34. BVCs website also infringes upon the THOUSAND HILLS mark by incorrectly stating that the Cabins at Grand Mountain are located at Thousand Hills, when in fact they are not.

35. BVC is using the THOUSAND HILLS mark in a manner that suggests that its services are in some way authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that BVC is in some way affiliated with Plaintiffs.

36. Instances of actual confusion among customers show that renters incorrectly associate the units rented by BVC with Plaintiffs and with units offered by Plaintiffs.

37. Renters that have rented a unit through BVC often contact Plaintiffs when the renter has a complaint or a problem involving its stay at Thousand Hills. The renter often becomes angry, frustrated, or disappointed with Plaintiffs even when Plaintiffs have had nothing to do with renting the unit.

6

38. Similarly, there are many instances of BVC renters that come to Branson Golf or THMC's front desk asking about a property that they have rented or seeking help getting into a unit they rented. When the renters are informed that they have rented from a different management company, the renters become angry, frustrated, or disappointed with Plaintiffs. Exhibit C.

39. Plaintiffs have no way to control the units rented by BVC or to ensure that BVC maintains its managed units at the same level of quality and cleanliness as the standards followed by Plaintiffs.

40. BVC's extensive use of the THOUSAND HILLS mark is an attempt by BVC to mislead as to the source of its services and to optimize its webpage in order to rank higher in search engine search results.

41. The use of the THOUSAND HILLS mark in the URL and header information of BVC's webpage and the extensive use throughout the text of the website allows BVC to appear on the first page of Google search results when one runs a Google search for "Thousand Hills Resort" as well as "Thousand Hills Golf Resort." The Google search results are attached as Exhibit D.

42. If a potential renter or guest using BVC's website clicks on one of the listed properties managed by BVC, for example the Legacy at Thousand Hills, BVC's website suggests that the potential renter has access to the amenities at that location. One example is shown below (BVC's Legacy at Thousand Hills Complex webpage attached as Exhibit E):

7



43. Branson Golf, or its affiliated companies, owns the amenities referenced in Paragraph 19, above, and individuals that rent through BVC do not have access to these amenities.

44. BVC is unfairly competing against Plaintiffs by misrepresenting the nature, characteristic, and quality of its services.

8

45. BVC's wrongfully suggested affiliation and unfair competition with Plaintiffs is harming Plaintiffs' goodwill established in the THOUSAND HILLS mark and is damaging Plaintiffs' reputation with their customers and potential customers.

46. Mark and Sarah Mauzey, as owners, officers, agents, and/or directors of BVC, direct and control BVC's infringing actions, including managing and creating the BVC website and other advertisements and promotional material for BVC.

47. In an effort to resolve this issue, Branson Golf, through its attorney, sent a letter to BVC and the Mauzeys in June, 2015, outlining the problems with BVC's website.

48. In Branson Golf's letter, Branson Golf informed the Defendants that it owned the THOUSAND HILLS mark and requested that the Defendants modify the BVC website to make it clear that BVC is not affiliated with Branson Golf and that its customers do not have access to Branson Golf owned amenities.

49. Branson Golf also requested that the Defendants remove the infringing uses of THOUSAND HILLS from the BVC website.

50. The customer confusion and dilution of Branson Golf's mark is causing harm and will continue to cause harm to Plaintiffs' goodwill and reputation unless the Defendants' acts are enjoined.

## COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114)

51. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 50 above as if fully set forth herein.

52. Branson Golf is the owner of the federally registered and incontestable mark THOUSAND HILLS, U.S. Registration No. 2,939,973.

53. BVC is Plaintiffs' competitor and BVC has used, without authorization, the THOUSAND HILLS mark in interstate commerce.

54. Defendants' acts, practices, and conduct, as alleged herein, violate 15 U.S.C. § 1114, in that Defendants' unauthorized and infringing use in commerce of the THOUSAND HILLS mark in connection with the sale, offer for sale, distribution, and/or advertisement of goods or services similar to Plaintiffs' goods and services was caused and is likely to continue causing confusion, mistake, and deception.

55. Upon information and belief, Defendants have acted with knowledge of Branson Golf's ownership of its THOUSAND HILLS mark and with deliberate intention or willful blindness have infringed upon Branson Golf's mark.

56. Upon information and belief, Defendants have unlawfully and wrongfully derived and, unless enjoined, will continue to unlawfully and wrongfully derive, income and profits from their infringing conduct.

57. Defendants' acts have directly and proximately damaged and will continue to damage Plaintiffs.

## COUNT II
**(False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125(a))**

58. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 57 above as if fully set forth herein.

59. Defendants' promotion, advertising, and unauthorized use of Branson Golf's federally registered THOUSAND HILLS service mark have and are intended to, and are likely to confuse, cause mistake, mislead, or deceive consumers and the public as to the origin, sponsorship, affiliation, connection, or association of Defendants' services, and have and are intended to, and are likely to cause such parties to believe in error that Defendants' services have

10

been authorized, sponsored, approved, endorsed, or licensed by Plaintiffs, or that Defendants are in some way affiliated with Plaintiffs.

60. Defendants' promotion and advertising has also misrepresented the nature, characteristic, and qualities of their services and commercial activities by incorrectly associating their services with services exclusively offered by Plaintiffs.

61. Defendants' acts, practices, and conduct have occurred in interstate commerce, affect interest commerce, and/or are likely to adversely affect Plaintiffs' interstate business.

62. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade upon the goodwill associated with Plaintiffs and the THOUSAND HILLS mark.

63. The foregoing acts of Defendants constitute a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64. Defendants' unfair competition and false designation of origin is directly and proximately injuring Plaintiffs in their business, including their goodwill and reputation, resulting in lost revenues and profits and diminished goodwill. This substantial injury will continue unless the Court enjoins Defendants' continued use of the THOUSAND HILLS mark and Defendants' continued false and misleading practices.

65. Upon information and belief, Defendants have unlawfully and wrongfully derived and, unless enjoined, will continue to derive, income and profits from its wrongful conduct.

## COUNT III
**(Trademark Infringement Under Missouri Common Law)**

66. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 65 above as if fully set forth herein.

67. Branson Golf owns all rights, title, and interest in and to the trademark THOUSAND HILLS, including all common law rights in such mark.

11

68. Branson Golf owns incontestable U.S. Registration No. 2,939,973 for the mark THOUSAND HILLS.

69. Defendants, without authorization from Branson Golf, have used and are continuing to use advertising and promotion for their service that includes the THOUSAND HILLS mark in a manner that is identical to or confusingly similar to Branson Golf's mark.

70. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among customers, the public, and the trade as to whether Defendants' services originate from, or are affiliated with, sponsored by, or endorsed by Plaintiffs.

71. Upon information and belief, Defendants have acted with knowledge of Branson Golf's ownership of its THOUSAND HILLS mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

72. Defendants' acts constitute willful infringement of Branson Golf's exclusive rights in the THOUSAND HILLS mark, in violation of Missouri common law.

73. Upon information and belief, Defendants have unlawfully and wrongfully derived and, unless enjoined, will continue to unlawfully and wrongfully derive, income and profits from its infringing conduct.

74. Defendants' acts have directly and proximately damaged and will continue to damage Plaintiffs.

## COUNT IV
**(Unfair Competition Under Missouri Common Law)**

75. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 74 above as if fully set forth herein.

76. Defendants' acts, practices, and conduct, as alleged herein, have misled and continue to mislead and deceive the public as to the source of Defendants' goods and services, permits and accomplishes palming off of Defendants' goods and services as those of Plaintiffs', and falsely suggests a connection or affiliation with Plaintiffs. Therefore, Defendants have committed unfair competition in violation of Missouri common law.

77. Upon information and belief, Defendants have unlawfully and wrongfully derived and, unless enjoined, will continue to unlawfully and wrongfully derive, income and profits from its wrongful conduct.

78. Defendants' acts have directly and proximately damaged and will continue to damage Plaintiffs.

### COUNT V
**(Unfair Competition and Trademark Dilution under Missouri Law
(Mo. Rev. Stat. § 417.061))**

79. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through 78 above as if fully set forth herein.

80. Branson Golf has extensively and continuously promoted and used the THOUSAND HILLS mark in the United States, and this mark has become distinctive and well-known symbols of Branson Golf's goods and services well before Defendants' actions complained of in this Complaint.

81. Defendants' unauthorized use of the THOUSAND HILLS mark dilutes and is likely to continue to dilute the distinctiveness of this mark by eroding the public's exclusive identification of this distinctive mark with Branson Golf, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of

the mark to identify and distinguish Branson Golf's goods and services. Defendants' actions are likely to cause injury to the business reputation of Plaintiffs.

82. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the THOUSAND HILLS mark or to cause dilution of this mark.

83. Defendants are causing and will continue to cause irreparable injury to Plaintiffs goodwill and business reputation, and dilution of the distinctiveness and value of the THOUSAND HILLS mark in violation of Missouri's antidilution statute Mo. Rev. Stat. § 417.061.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Branson Golf Resort, L.L.C. and Thousand Hills Management Company, Inc. pray for a judgment in their favor on all Counts and an award of relief as follows:

A. That Defendants and any officers, agents, servants, employees, attorneys, and all other persons in active consent or participation with Defendants, be permanently enjoined from:

    i. using the THOUSAND HILLS mark and any other trademark or service mark that is confusingly similar to the THOUSAND HILLS mark in an infringing manner;

    ii. using any trademark or service mark, or doing any acts or things that are likely to induce the belief on the part of members of the consuming public, including Branson Golf's customers or potential customers, that BVC or BVC's services or business is in any way affiliated, connected, or associated with Branson Golf or are sponsored or approved by Branson Golf;

iii. manufacturing, printing, publishing, promoting, lending, displaying, or distributing any materials, goods, or advertisements, whether written, audio, or visually portrayed, which use or refer to the THOUSAND HILLS mark in an infringing manner;

iv. from further diluting and infringing the THOUSAND HILLS mark and damaging Plaintiffs' goodwill;

v. from otherwise competing unfairly with Plaintiffs in any manner including but not limited to promoting access to amenities to which BVC has no right; and

vi. from conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

B. That this Court enter a judgment finding that Defendants have infringed, and willfully infringed, the THOUSAND HILLS mark.

C. That this Court enter a judgment finding that Defendants' use of the THOUSAND HILLS mark has caused and is likely to cause confusion among the general purchasing public as to the source or origin of Defendants' goods or services.

D. That Defendants be required to pay Plaintiffs such damages as Plaintiffs have sustained as a result of Defendants' false designation of origin, unfair competition, and infringement of the THOUSAND HILLS mark; that such damages be trebled and that Defendants account for and pay Plaintiffs all of the gains, profits, and advantages derived by Defendants from its sale of goods or services under the THOUSAND HILLS mark, and that such recovery based on profits be increased in an amount as the Court finds just.

E. That Defendants pay Plaintiffs their costs and reasonable attorney fees in bringing this action.

F. That Plaintiffs be awarded prejudgment interest on all damages and/or profits awarded by the Court.

G. That all goods, labels, signs, prints, advertisements, and any other such materials in the possession of Defendants bearing the THOUSAND HILLS mark, or any other mark that is confusingly similar, be destroyed.

H. That Defendants issue corrective advertising and letters approved by the Court to past rental customers and existing management customers to dispel confusion caused by its infringement and unfair competition.

I. That Defendants assign or transfer management of rental properties at or near the Thousand Hills properties to Plaintiffs.

J. That Defendants remove any website or webpage that is maintained or sponsored by Defendants using the THOUSAND HILLS mark and/or containing the THOUSAND HILLS mark, or any mark confusingly similar, in its contents or in its uniform resource locator.

K. That Plaintiffs receive such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated: December 29, 2015       Respectfully submitted,

SENNIGER POWERS LLP

By: _____
    Robert M. Evans, Jr., #35613MO
    Kyle G. Gottuso, #64869MO
    100 North Broadway, 17th Floor
    St. Louis, Missouri 63102
    Tel: (314) 345-7000
    Fax: (314) 345-7600
    Email: revans@senniger.com
           kgottuso@senniger.com

*Attorneys for Plaintiffs*